**ROBINSON LABORATORIES, INC.,**
**Plaintiff–Counter–Defendant–**
**Appellee–Cross–Appellant,**

Ben Robinson, Plaintiff–Counter–
Defendant–Appellee,

v.

**HERLEY INDUSTRIES, INC., D**
**efendant-Counter-Claimant-**
**Appellant-Cross-Appellee.**

No. 03–7552, 03–7596.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2004.

Robert J. Kaler, Boston, Mass., for Plaintiff–Counter–Defendant–Appellee–Cross–Appellant and Plaintiff–Counter–Defendant–Appellee.

James T. Smith, Philadelphia, Pa., for Defendant–Counter–Claimant–Appellant–Cross–Appellee.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Robinson Laboratories, Inc. ("Robinson Labs") and Herley Industries, Inc. ("Herley") both appeal from a final judgment, entered October 29, 2002, after a jury trial in the United States District Court for the Eastern District of New York (Leonard J. Wexler, Judge, presiding). They also ap-

---

* The Honorable Loretta A. Preska, of the United States District Court for the District of Southern District of New York, sitting by designation.

peal from Judge Wexler's memorandum and order, dated February 5, 2003, denying all motions for a new trial or for judgment notwithstanding the verdict.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. In brief, this case arose out of the terms pursuant to which defendant Herley purchased plaintiff Robinson Labs. That transaction was governed by an asset purchase agreement, and included a lease agreement and an employment agreement pursuant to which Herley agreed to employ plaintiff Ben Robinson, the chief executive officer of Robinson Labs. Both sides alleged breaches of the asset purchase agreement and the plaintiffs also alleged that Herley had breached the lease and employment agreements. The jury found that Herley did not breach the asset purchase agreement, but that it had breached the lease and employment agreements. The jury also found that Robinson Labs had engaged in certain breaches of the asset purchase agreement. The jury awarded damages to both sides, resulting in a net award of $1.2 million to the plaintiffs.

Herley asserts on its appeal (03–7552) that: (1) the district court erred in refusing to instruct the jury that Herley was not required to give Mr. Robinson notice prior to its decision to terminate the employment agreement; (2) the testimony of the plaintiffs' damages expert should have been stricken; (3) the jury's finding that Herley breached the lease agreement should be overturned because the plaintiffs failed to mitigate their damages under that agreement; and (4) the district court erred in failing to find that Mr. Robinson is required to indemnify Herley for the full amount awarded to it by the jury on Herley's claim that Robinson Labs breached the warranty contained in the asset purchase agreement.

Robinson Labs asserts on its appeal (03–7596) that: (1) the jury's findings regarding the asset purchase agreement should be overturned and (2) the district court failed to properly instruct the jury regarding Herley's obligations under that agreement.

Upon our review of the record on appeal, and after hearing oral argument, we deny all appeals and affirm the district court in full.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.